The first case on the call of the DACA today, Wednesday, January 11, 2012, is agenda number three, case number 11136, People v. Dominguez. Counsel for the appellant? Michael Orenstein, representing Sylvester Dominguez, the State Appeal Defender. Oh, you can go ahead and proceed with the argument. Okay. May it be so. Rule 605B and 605C are rules. They're not suggestions. They require the judge to convey all the rule's substance clearly and accurately, but the judge here was unclear and the judge was misleading. First, the judge told my client to return to the courtroom to file a post-plea motion. Well, my client couldn't do that. He was sent right off to the DOC. Rule 605C exists so the defendants understand how to follow Rule 604D, but the judge's words here provided misunderstanding. Second, the judge failed to tell my client at all that if his plea were reinstated, that many charges of state dismiss could be reinstated against him. And third, the judge told my client that he could get counsel for appeal, quote, in the event that his motions were denied. But the whole point of Rule 605B and 605C is so counsel can help with the preparation of the motions, not after the motions are over. So the judge at least suggested that my client was not entitled to precisely the counsel he needed and the counsel he was entitled to. So again, for those reasons, the judge's words were misleading. Now I'd like to address two state points in opposition to this. The state argues that this case is just like the case of In Re JT, but we feel it's nothing like In Re JT. First, JT was trying to close the door after the horse had already bolted. He pleaded guilty, he got probation, had it violated, months and months and months went by, much more than seven months. He was sentenced to prison. He never challenged his original plea. So the appellate court had no jurisdiction to vacate the plea, and only on appeal he had to try and go back and challenge his original judgment through this court's supervisory authority. My client filed a notice of appeal well within the seven months of the judgment, and in the notice he said, or he thought, he had preserved his appeal by signing a form of sentencing. So he was trying to challenge the original judgment. Second, JT, as a juvenile, had counsel after the plea. Juvenile cases go on and on and on, and they keep having counsel. So he didn't need to learn his right as much, at least. He didn't need to be admonished about his right to have what he already had, and he didn't need to learn how to file motions that his lawyer was already filing for him. Especially because supervisory orders are non-presidential in the first place. This case is nothing like JT, and JT does not control here. The State also argues that my client signed at some point a photocopy of Rule 605C, and that was enough. But it was not enough. The State ignores the language of the rule. The judge, not counsel, must advise the defendant at the time of sentencing. This form was not offered by the judge, nor, as far as the record shows, read or signed or anything else but referenced at sentencing. So the judge can't delegate. He or she must inform the client of his or her rights, not ask if my client had made himself aware of those rights. The State's argument also ignores the power of the judge's words. The judge is the master of the courtroom. He's the center of the courtroom. Everyone's listening to him. Everyone speaks to and through the judge. The judge told here my, the judge told my client that counsel would be through the appeal, and the judge's words could carry much more weight than some form he signed. It's unrealistic to think he would ignore the judge's words. It's unrealistic to assume he could not have been confused by the judge's words. And the State argument also ignores that the form was in English. How was the defendant prejudiced? The defendant was prejudiced because he loses his right to direct appeal. That's prejudice. He loses his right to counsel. That's also prejudice. But our position is he doesn't need to show prejudice, especially for the, for, for, not, not the before, the, the reinstated charges, but the other two. He can't, Jameson makes clear that, that courts can't speculate or make defendants speculate on why he didn't, he or she didn't file a 604D motion. Jameson and Foster also make clear that Rule 604D and Rule 605B and C are linked. The 604D bar is harsh and mandatory. And I would say it's the most harsh and mandatory waiver bar in the, in the law of this State. Generally, most waiver bars include some sort of safety bail. Trial forfeiture is going to be reviewed for plain error. What does the rule mean when it's, the rule calls for substantial compliance? That's correct. And our position is that, that, that the judge must advise the defendant of the, of all the substance of the rule. It doesn't have to be veratum, but they have to, but they have to reach each admonition. And most important, they have to do it clearly and accurately and not in a misleading fashion. You said a moment ago the form was in English. He was provided with an interpreter, wasn't he? He was provided with the interpreter, but the record does not reflect that the interpreter translated, that the interpreter was translating the words that were spoken in the courtroom. There's nothing in the record that suggests that the interpreter sat down and went, went in and went over this form. And the, and the, the record is sort of, you know, this, this, this, that. And it looks like it was very unlikely there was any time for, you know, for my client, for the interpreter to actually do that. The interpreter, I believe, was a court interpreter and would not have been present at the, you know, with, with, with counsel at the time before the, before the trial. Is it your argument that by using the written form, he was actually placed in a worse position because of confusion, confusion? Well, the, the, I would say the differences between the written form and the oral form could have created confusion. I mean, in addition to what I mentioned, the, the, the judge gave 605B admonitions and the, and the form was captioned 605B, but it recited 605C admonitions. So that also could have been confusing. Well, didn't the defendant file a notarized pro se notice of appeal? Yeah, he did. And is that any indication of whether or not the English form was sufficient? I don't think so, Your Honor, because first of all, if he had filed the English form and said what the English form would have done, he wouldn't have just filed that. He would have filed some sort of 604D motion because it doesn't do you any good just to file a notice of appeal, especially a late notice of appeal. Part number one, part number two is Jamerson says that the inquiry is subjective and you don't look to the actual knowledge or non-knowledge of counsel or the attorney. You look to objectively what the admonitions were and whether they satisfied the rule. In Jamerson and Foster, which you cite, wasn't there a complete absence of any admonition? There was. This case is not factually on point with Jamerson and Foster. I would acknowledge that. But the language of Jamerson and Foster is very clear. 602, 604D, 605B work together and they all have to be followed. And 605B has to be followed as strictly as will 604D as harsh, otherwise they cannot accomplish their shared purpose. Back to the English form for a minute. The defendant also executed a written jury waiver and a written PSI report, right? He signed it, yes. Both in English? Both in English. But there's no contest as to those forms? Well, we can't contest it because, I mean, we may or may not have contested it, but we can't contest it because under Wilk and the admonition exception, the only thing we can raise is the 605Bs. We're not allowed to raise any other sort of issues. If this was a direct appeal, there's a number of 402 issues I might raise. The only other point I make on prejudice is that 605B needs to be strictly construed because otherwise you're inferring waiver of counsel from a silent record. In most cases, if someone wants to waive counsel at trial, for example, or whatever, they say, Your Honor, I don't want counsel. And then there's a little rigmarole. Are you sure you don't want counsel? This is really stupid. You sure you don't want counsel? Here, he doesn't say  So the only assurance that the waiver of counsel is valid is the 605Bs, and here it's our position the 605Bs or Cs were misleading. So unless there's any other questions, I would ask that this Court remand for new 605B or C Good morning, Chief Justice Kilbride, Honorable Justices, Counsel, if it may please the Court. My name is Yvette Loison. I'm an Assistant State's Attorney, and I'm here to represent the people of the state of Illinois. Your Honors, in this case, the appellate court correctly found that the defendant was substantially advised of his rights and responsibilities under Supreme Court Rule 605B or C and properly dismissed defendant's appeal. The record in this case demonstrates that the defendant received oral admonitions from the trial court. Those admonitions were not perfect. However, they were supplemented by a written form which the defendant signed and acknowledged in open court that he had made himself aware of. Didn't the oral admonishments contradict the written form in some way? Your Honor, they did not contradict the written form. They supplemented the written form, and when they're read together, there's nothing in the If you look at the oral admonishments in context read as a whole, certainly the trial judge did not read the rule verbatim. However, the admonishments given to the defendant orally made it clear to him that he needed to take some action within 30 days by filing something in writing. The written admonishments were the rule verbatim, and they supplemented what the trial judge said orally. With respect to the other admonishments, it is true that there was one admonishment that was missing. But it's the People's position that in the context of Rule 605B and C, this Court first should look to whether the defendant was admonished of what he needed to do to perfect his appeal rights. And that position is supported by this Court's This Court noted that the trial judge did not strictly comply with Rule 605C in admonishing J.T. However, the Court said that the admonishments given to J.T. were sufficient to advise him of what he needed to do. They put him on sufficient notice to take some action in his case. When you look at this Court's judgment in J.T. in the context of the other cases that respect to Rule 605B or C, it distinguishes J.T. from this case in the sense that the procedural posture of this case is different than the procedural posture of J.T. However, in order to determine in J.T., in order to determine whether or not this Court was going to exercise its extraordinary supervisory power, the Court first looked to see whether or not the minor received sufficient admonishments. And the core issue was whether the 605C admonishments that J.T. received substantially complied with the Rule. And it's our position that that's the same analysis that the Court needs to do here. So while the procedural posture of the case is different, the analysis remains the same. And in J.T., this Court specifically looked to see whether or not the admonishments that J.T. received were sufficient to be noticed. The Court also specifically noted that the trial judge did not strictly comply. Nevertheless, the Court found that those admonishments were sufficient. Is this an objective assessment or a subjective assessment? It's an objective assessment, certainly. And I think that the Court's decisions in Jamison and Foster demonstrate that. And that brings me to Jamison and Foster. Counsel, just a second. To get back to objective versus subjective assessment. So it doesn't take into consideration whether or not the defendant truly understands either he's low-functioning or possibly unable to understand English? Well, in this case, Your Honor, I don't think either of those factors are present. And if you look at the record in this case, you'll see... How is there an interpreter? I agree that the defendant may have had a language issue. He was Spanish-speaking. There's no dispute about that. But his ability to understand in this case is exemplified by the fact that he did have an interpreter present. And the interpreter was sworn in on the record. The record demonstrates that the interpreter was sworn. And we know that interpreters swear to translate from English to Spanish or whatever language they're speaking and back. And we know that this interpreter actually translated the English written admonition versus the oral. The record does not affirmatively show that. However, there's no indication in the record that the interpreter was not present during any of these times. And one of the things that is significant in the record is that when the defendant enters his guilty plea and the trial judge admonishes him pursuant to 605 B or C, when the judge asks him, have you read this form that I've given to you? Have you made yourself aware of those rights? The judge notes that the defendant has already tendered the document to him signed. The record shows that there was a break before the guilty plea was actually taken in this case. So while it does not affirmatively demonstrate that the interpreter was interpreting right there, the record shows that this was not something that was going on as the judge was talking. The form had already been read and signed by the defendant and it was tendered to the judge with his signed signature on it at that time. So this was not something that was going on right there in front of the bench. Whether we can interpret from that whether the interpreter read every word verbatim, I can't say that for certain. But in general, there has to be a presumption that if the interpreter is present in court, the interpreter is doing their job. So I don't think there was a language barrier here for this defendant. And also, the record does demonstrate that the defendant filed a notice of appeal in English that was notarized and certified. And that supports the position that he did understand some English. Going back to Foster and Jamison, in those cases, this court did use the same wording. In those cases, the facts are different. In Foster, the defendant was not given any admonishments whatsoever. And he made an oral motion before the court within 30 days to withdraw his plea, which the court acquiesced to and encouraged for purposes of expediency in the courtroom. On appeal, this court said that the defendant received no admonishments. The way he went about attacking his plea was incorrect. And because he received no admonishments, they remanded for him to be properly admonished. In Jamison, the defendant was given a very bare bones admonishment that post-trial motions had to be filed within 30 days. And the court determined that that was insufficient. However, what's interesting about Foster and Jamison and sets it apart from the incident case is in both of those cases, the defendant did something within 30 days. In this case, the defendant didn't do anything within 30 days. He waited nearly 60 days to file a notice of appeal. In Wilk, this court discussed Rule 604D, Rule 402, and Rule 605B, and said that those rules are intended to mesh together to protect the defendant's constitutional rights, but also to protect from some other things. The court was concerned about the trial court having the hearings and also was concerned about an influx of appeals from guilty pleas. The court also discussed that it was necessary for finality in the criminal justice system. And one of the things that the Wilk court emphasized was this 30-day time period, that defendants need to do something within 30 days. In this case, the record is clear that the defendant received admonishments that advised him that he needed to do something within 30 days, and he did absolutely nothing. He cannot demonstrate that he was prejudiced here, because he didn't try. He wasn't like the defendants in Foster or Jamison, who did what they needed to do, did something within 30 days and tried to attack their pleas, but got nowhere. The defendant didn't do that. And we don't have any evidence in the record as to why the defendant didn't do anything within 60 days, but the record demonstrates that it wasn't because of poor admonishments. The defendant received oral admonishments advising him of what he needed to do, and he received written admonishments that told him the rules verbatim. Also, it's significant to note that back to Wilk, in Wilk, the court said that 604D, 402, and 605B, again, come together. They mesh together to protect the defendant's rights and to protect the defendant's rights. In rule 402, any allegations that rule 402 admonishments are improper are reviewed for substantial compliance, and the court does consider whether the defendant was prejudiced or denied real justice. It seems like there would be an incongruity in the way we apply these three rules that were intended to come together. If we review 402 for substantial compliance and prejudice, and we apply strict compliance in the incident case. Counsel, could I just ask a question to help clarify something in my mind when you talk about prejudice, the prejudice issue here. You seem to be saying that the issue of prejudice is whether or not the defendant knew that he should have done something within the 30-day window and didn't. Is that the prejudice you're talking about, or are you talking about the fact that on appeal here or below, he's not raised any arguments as to why his plea was denied? Or is that knowing or involuntary? Well, Your Honor, I think there's two pieces to that puzzle. I think the primary piece is whether or not the defendant was put on notice that he needed to do something within 30 days. And if he was put on notice of that and he failed to do it, then I don't think that he can demonstrate that he was prejudiced in any way. The prejudice stems from the defendant not being put on notice of what he needs to do to perfect his appeal rights and then looked at in People v. Henderson. What is it that the defendant actually wants here? In this case, the defendant has, in his notice of appeal, has never indicated that he wants to withdraw his guilty plea or any of those things. He wants admonishments. And there's considerations of judicial economy when it comes to that. And that's my concern, is if in fact there are arguments the defendant would want to raise about the voluntariness of his plea, I'm not sure he could do that on direct appeal. I mean, assuming that his arguments would be something that was off the record, some conversation with his attorney or something like that, the only remedy he would have would be a post-conviction petition. And so it seems to me the balance is do we wait for a post-conviction petition and deal with that later, or do we remand the case now for proper admonishments? Your assessment is absolutely correct, Your Honor, that he would not have that available to him. But I think we need to look at what Rule 605B and C was intended to do. And this Court has made clear that Rule 605B and C was intended to do a couple of things, to make sure that the defendant's constitutional rights were protected, but also to put a time frame in so that defendants who plead guilty can't raise these issues whenever they feel like it. And in this case, the defendant was told he needed to do something within 30 days. He didn't do anything. But his alternative is to file a post-conviction petition. Yes, that would be correct. That would be correct. Your Honor, Your Honor, in summation, the record demonstrates in this case that the defendant received admonishments that substantially complied with the Supreme Court rules in question. The people submit that the defendant was fully aware of his rights and responsibilities under those rules, and that he chose not to do what he needed to do within the 30-day time period. For these reasons discussed here today, and for the reasons set forth in our brief, we ask that this Court affirm the judgment of the Appellate Court dismissing the defendant's appeal. Thank you. Thank you, Counsel. Rebuttal? Thank you, Your Honors. I'd like to make two points. First, there was a question asked about is this case different from J.T. because it was a supervisory authority case. And Counsel, I believe, said that the difference is the procedural posture is different. We feel that there's an additional difference. Supervisory relief is an extraordinary remedy. And to reget it, a litigant, any litigant, must show  that J.T. was seeking supervisory relief that this Court addressed the whole issue of prejudice and real justice. Without showing some prejudice, he couldn't show fundamental fairness. And then, in Jamison, Jamison exposed that that is not the case here. That's the first point. The second point I want to make is Your Honor asked a question about post-conviction petitions. And I'd just like to say that post-conviction petition isn't an adequate substitute for a direct appeal because post-conviction petition, the right to counsel is much, much less. You may not even get right to counsel if the trial judge doesn't like your pro se PC. And even if you do get counsel, it's only 651C counsel. You're not entitled to effective assistance of counsel, which means that the appointed counsel is only required to present those issues that have been identified by the pro se litigant. Now, my client, obviously, isn't a very sophisticated client. One of the interpreters wasn't there. He tried to address the Court in But, I mean, I guess that's subjective so that, you know, to what extent you consider that. But the post-conviction petition is not an adequate substitute for a direct appeal, which gets guaranteed right to counsel and which is guaranteed by our Constitution. So with those words, I'd ask that you reverse the judgment, not reverse the judgment, reverse and remand for new 605 admonishments. Thank you, both counsel, for your arguments this morning. Case number 111336, People v. Dominguez, will be taken under advisement as agenda number three. Thank you.